**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Erik Damon BOYD, Defendant—**
**Appellant.**

**No. 01–50290.**
**D.C. No. CR–99–01007–LGB–06.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.\*

Decided Jan. 30, 2003.

Before HALL, KOZINSKI, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*

I.

Under *United States v. Watts,* 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997), the district court was legally permitted to enhance Erik Damon Boyd's sentence for using a weapon even though Boyd was acquitted by the jury of a similar firearm charge. The fact that Boyd received a higher sentence with the enhancement than he would have with a 924(c) conviction is irrelevant because Boyd is not entitled to a "net benefit" from

his acquittal and Boyd's total sentence was not higher than the statutory maximum allowed for the crimes of which he was convicted.

## II.

There was clear and convincing evidence to support the gun enhancement and the district court so found. McCrary and Hill stated that all of the robbers, including Boyd, carried a gun. Although Brown did not state that everyone had a gun, he did testify that Boyd was present when Pace instructed everyone to make sure their guns were operable. The fact that the jury acquitted him of the firearm charge does not mean that the jury "rejected" testimony that Boyd carried a gun. *See Watts*, 519 U.S. at 155, 117 S.Ct. 633.

## III.

The victim's testimony at trial and the medical records contained in the Presentence Report are sufficient to show by a preponderance of evidence that a victim sustained bodily injury under the Guidelines. The fact that the victim's injury was not visible is immaterial and Boyd has presented no evidence that the victim's injuries were fabricated.

The district court is AFFIRMED.

---

* Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.